UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80477-CV-MIDDLEBROOKS
MAGISTRATE JUDGE REID

ARMANDO ANTONIO CASTRO,

      Petitioner,

v.

BRIAN K. DOBBS, Warden,

      Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE
## RE - 28 U.S.C. §2241

### I. Introduction

Petitioner, **Armando Antonio Castro,** while confined at the local Federal Correctional Institution, in Miami, Florida, has filed this *pro se* federal habeas corpus petition, pursuant to 28 U.S.C. §§ 2241-43, challenging the execution of his federal sentence. Petitioner seeks an order from this court requiring the Bureau of Prisons ("BOP") to transfer him to home detention pursuant to the "Eligible Elderly Offender" provision of the First Step Act. [ECF No. 1]. For the reasons detailed in this Report, this petition should be dismissed without prejudice for lack of exhaustion, or in the alternative, denied on the merits, because Petitioner is not entitled to habeas corpus relief.

- 1 -

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636 and S.D. Fla. Admin. Order 2019-2.

## II. Factual and Procedural History

On October 25, 2011, a federal grand jury indicted Petitioner for multiple firearms and narcotics offenses. [CR ECF No. 3]. On February 10, 2012, Petitioner pled guilty to several such offenses. [CR ECF Nos. 44, 78, 81]. The court accepted Petitioner's plea and adjudged him guilty. [CR ECF No. 58; CR ECF No. 81 at 13-14]. The court sentenced Petitioner to 156 months in prison. [CR ECF No. 58 at 2]. Petitioner appealed. [CR ECF No. 69]. The Eleventh Circuit Court of Appeals affirmed. [CR ECF No. 96].

On February 24, 2015, Petitioner filed a § 2255 motion. [15-80239-CV-Ryskamp, ECF No. 1]. The Magistrate Judge issued a report recommending that Petitioner's claims be denied on the merits. [15-80239-CV, ECF No. 18]. The District Court adopted the report. [15-80239-CV, ECF No. 20].

On April 26, 2017, Petitioner filed a "petition for release." [Case No. 17-80617-CV-Zloch, ECF Nos. 1, 7]. The Magistrate Judge issued a report recommending that the petition be denied under 18 U.S.C. § 3582 or, in the alternative, construed as a § 2255 petition and dismissed for lack of jurisdiction. [17-80617-CV, ECF No. 7 at 8]. On July 17, 2017, the District Court adopted the report. [17-80617-CV, ECF No. 10-11].

On June 15, 2018, Petitioner filed a "Motion to Correct and Reduce Sentence Pursuant to Fed. R. Civ. P. 60(b)." [19-80092-CV-Zloch, ECF No. 1]. On February 19, 2019, the Undersigned issued a report recommending that, because the motion attacks the merits of his underlying criminal case, Petitioner's Rule 60(b) motion should be treated as a motion filed pursuant to 28 U.S.C. § 2255 and, further, the Court should dismiss the case for lack of jurisdiction because Petitioner failed to obtain the permission of the Eleventh Circuit Court of Appeals before filing a second or successive § 2255 motion. [19-80092-CV, ECF No. 4]. On April 23, 2019, the District Court issued an order adopting the report, dismissing the § 2255 motion, and denying a certificate of appealability. [19-80092-CV, ECF No. 8].

Petitioner has now filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241. [ECF No. 1]. Petitioner seeks transfer to home detention pursuant to the "Eligible Elderly Offender" provision of the First Step Act. [*Id.* at 2, 9].

The government has filed a response to this court's order to show cause with supporting exhibits [ECF No. 5], in which it argues that:

1.    Petitioner has failed to exhaust his administrative remedies; and

2.    The Eligible Elderly Offender provision does not apply to Petitioner.

Petitioner has filed a reply [ECF No. 6]. As discussed below, Petitioner is not entitled to habeas corpus relief.

### III. Discussion

### A. Failure to Exhaust Administrative Remedies

Respondent argues that this habeas petition should be dismissed because the Petitioner has failed to properly exhaust his administrative remedies. [ECF No. 5 at 6-7].

Although Petitioner's failure to exhaust his administrative remedies does not deprive this court of jurisdiction over his claim, Petitioner must still exhaust his administrative remedies before seeking habeas corpus relief. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015) (finding that, while exhaustion is not a jurisdictional prerequisite, petitioners seeking relief under § 2241 are still required to exhaust their administrative remedies before seeking habeas corpus relief); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (Under the PLRA, 42 U.S.C. § 1997e(a), "proper exhaustion" requires "compliance with the agency's deadlines and other critical procedural rules.").

For a federal prisoner to properly exhaust his administrative remedies, he must follow the procedures set forth in 28 C.F.R. §§ 542.10-542.19. Generally, the first stage requires the resolution of issues through informal grievances to the institution Warden or staff. *See* 28 C.F.R. § 542.13(a)-(b). The deadline for completion of informal resolution and submission of a formal written Administrative Remedy

Request, on the appropriate (BP-9) form, is twenty (20) calendar days following the date on which the basis for the request occurred. *See* 28 C.F.R. § 542.149(a).

If unsuccessful at the first stage, a formal written appeal, on the appropriate (BP-10) form, to the Regional Director shall be filed within twenty (20) calendar days of the date the Warden signed the response. *See* 28 C.F.R. § 542.15(a). If not satisfied with the Regional Director's response, the final step in pursuing administrative remedies is to submit an appeal, on the appropriate (BP-11) form, to the Central Office Appeal, Office of the General Counsel, within thirty (30) calendar days of the date the Regional Director signed the response. *See* 28 C.F.R. § 542.15(a).

Administrative remedies are not exhausted until the claim has been presented at all levels and has been denied at all levels. *See* 28 C.F.R. §§ 542.10, 542.15(a). The absence of a response by the agency, within the time allotted by regulation, may be considered a denial at that level. *See* 28 C.F.R. § 542.17. If, however, a request for administrative remedy is rejected, it is returned to the inmate, and the inmate is provided with a written notice explaining the reason for rejection. *See* 28 C.F.R. § 542.17(b).

As proof that he exhausted his administrative remedies, Petitioner has provided the court with his February 1, 2019 "Request for Transfer to Home Confinement," which specifically requests the transfer to home confinement as an

"Eligible Elderly Offender." [ECF No. 1-1 at 1, 3]. In a March 1, 2019 response, the warden stated that the "Institution has received your request. Upon receipt of guidance on the Elderly Offender Home Detention provision of the First Step Act, we will process your request accordingly." [*Id.* at 3]. Petitioner appears to concede he did not fully exhaust his administrative remedies. [ECF No. 1 at 3]. As a result, Petitioner relies on BOP Program Statement 5050.50 to excuse his failure to exhaust. [ECF No. 1 at 3].

Statement 5050.50 applies to Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A); it does not apply to the Eligible Elderly Offender Home Detention Program. *See* [ECF No. 5-1, BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205]. Petitioner's application to the warden did not ask for Compassionate Release and was not based on "particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." *See* [*Id.* at 3]. Compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii) is also available for prisoners who are over the age of 70 and who have served at least 30 years in prison. Petitioner has not served at least 30 years.

Given all of the foregoing, it appears that dismissal for lack of exhaustion of administrative remedies is warranted. Petitioner has not exhausted his administrative

remedies, and there is a procedure in place with the BOP for doing so. Thus, dismissal for failure to exhaust is warranted.

### B. Petitioner Not Entitled to Elderly Offender Home Detention

Notwithstanding the lack of exhaustion defense, Respondent is correct that Petitioner is not entitled to relief on the merits. [ECF No. 5 at 11].

The program upon which Petitioner relies appears at 34 U.S.C. § 60541(g), which states that the "Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders . . . from Bureau of Prisons facilities and placing such offenders in home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A). To be eligible, an elderly offender must meet several requirements, including being at least 60 years old and having served at least two-thirds of his prison term. 34 U.S.C. § 60541(g)(5)(A).

The development and scope of the program is to be controlled by the Attorney General who will select which BOP facilities will be part of the pilot program and, "in carrying out [the] pilot program . . . the Attorney General *may release some or all* eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention." 34 U.S.C. §§ 60541(g)(3), (g)(1)(B) (emphasis added).

This Court is without jurisdiction to place prisoners on home detention under this provision. *United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020). The statute is a discretionary provision under the supervision of the BOP and is not judicially reviewable. *Id.* Thus, this court cannot issue an order requiring the BOP to place Petitioner on home release pursuant to the Eligible Elderly Offender provision of the First Step Act.

Furthermore, Petitioner has not established that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (2012). A prisoner has no constitutional right to confinement in any particular place, including in home confinement. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Under 18 U.S.C. § 3621(b), the BOP shall designate the place of a prisoner's imprisonment. "The BOP retains discretion to decide how to classify prisoners and choose the institution in which to place them." *United States v. Anderson*, 515 F. App'x 772, 775 (11th Cir. 2013) (citing *Cohen v. United States*, 151 F.3d 1338, 1344 (11th Cir. 1998)). Consequently, the BOP alone has the sole discretion to make the determination of where the Petitioner will serve his sentence.

As shown by Petitioner's application, the warden is awaiting guidance on the pilot program, and Petitioner has not established that FCI Miami is one of the facilities that will be part of the pilot program. Petitioner has no constitutional right

to be accepted into the program, and, therefore, his habeas corpus petition should be denied.

### III. Recommendations

Based upon all of the foregoing, it is recommended that this petition be DISMISSED without prejudice for lack of exhaustion; or, in the alternative, DENIED on the merits; and the case CLOSED.

Objections to this report may be filed with the court within fourteen (14) days of receipt of a copy of the report. Failure to file timely objections may bar Petitioner from a *de novo* determination by the district judge of an issue covered in this report and may bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Williams v. McNeil,* 557 F.3d 1287, 1291 (11th Cir. 2009)(finding district court has discretion to decline consideration of arguments not presented to the magistrate judge in the first instance).

Signed this 21st day of May, 2020.


_____
UNITED STATES MAGISTRATE JUDGE

cc:    **Armando Antonio Castro**, *Pro Se*
Reg. No. 97595-004
F.C.I. - Miami
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177

**Ann Marie C. Villafana**
United States Attorney's Office
500 South Australian Ave
Suite 400
West Palm Beach, FL 33401
561-820-8711
Fax: 820-8777
Email: ann.marie.c.villafana@usdoj.gov